*Key*, for the plaintiff.

*Shaaff*, for the defendant.

# GENERAL COURT, OCTOBER TERM, 1797.

### JENIFER's Lessee *vs.* BEARD *et. al.*

EJECTMENT for a tract of land called *Townhill*, lying in Anne Arundel county, brought for the use and benefit of *Caleb Steuart*, who had purchased the land, &c.

The plaintiff, at the trial, produced in evidence a grant for the tract of land mentioned in the declaration in this cause, and sundry mesne conveyances from the grantee down to *Daniel of Saint Thomas Jenifer*. He also produced the will of the said *Jenifer*, dated the 15th of April, 1790, whereby he devised the said land to his nephew, the lessor of the plaintiff, as follows, viz. "Item, I further give and bequeath to my nephew, Doctor *Daniel Jenifer*, to him, and the heirs of his body lawful to be begotten, for ever, all my lands in Charles county, two lots of land at the Warm Springs, and thirty acres of woodland in the vicinity thereof; and *also all the remainder of my estate*, after debts and legacies are paid. And

Oct. 1797.

Jenifer
vs.
Beard.

in order that they may the readier be discharged, I hereby direct, and my will is, that my executors, or the survivor of them, (and in case of both their deaths the chancellor to appoint a person) to sell and dispose of all my lands in Anne Arundel county, my share in the Baltimore Iron Works," &c. &c. "And upon the money's being by the purchasers paid, my executors to convey a title in fee simple, with general warranty." "Lastly, I constitute and appoint my brother *Daniel Jenifer*, and Doctor *Daniel Jenifer*, my executors of this my last will and testament," &c.

He also produced evidence, that the land for which this ejectment was brought was sold, under the said will, by Doctor *Daniel Jenifer*, the lessor of the plaintiff, as surviving executor of the testator, to *Caleb Steuart*, for whose use and benefit this action was brought.

CHASE, J. determined, that under the will of *Daniel of St. Thomas Jenifer*, his nephew, *Daniel Jenifer*, the lessor of the plaintiff, under the residuary clause, took the land in question, subject to the payment of debts and legacies, and that the executor, under the power in the will to sell for the purpose of paying debts and legacies, had a right and power to sell the land in question; and that by the sale to *Caleb Steuart*, and a conveyance to him by the executor, pursuant to the will, the legal estate would be divested out of the devisee, and acquired by the vendee under the executor's sale. That by the sale, *Steuart* gained an equitable interest only, and the legal estate remained in the devisee.

*Ridgely* and *Van-Horn*, for the plaintiff.
*Key*, for the defendant.